■ Jeffrey P. Tunick et al., Respondents, v Jack Goldstein, Appellant. [657 NYS2d 340] —In an action to recover damages, inter alia, for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 21, 1996, as denied that branch of his motion which was for partial summary judgment on his counterclaims and dismissed the counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was for partial summary judgment on his counterclaims as asserted against the plaintiff Jeffrey P. Tunick and dismissed the counterclaims insofar as asserted against him and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Westchester County, for an assessment of damages.

The Supreme Court erred in dismissing the defendant's counterclaims against the plaintiff Jeffrey P. Tunick to recover professional fees for services rendered and attorney's fees in accordance with the parties' contract. The defendant clearly established his entitlement to partial summary judgment on the issue of liability. Contrary to the court's finding, the defendant did not waive his right to payment.

The plaintiff Helen H. Tunick was not a party to the contract and, consequently, the counterclaims were properly dismissed insofar as asserted against her. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.